Good morning, Your Honor. I'm Jerome Marcus. I represent the plaintiff. Your Honor, this is a case in which the plaintiffs seek to hold Delta Air Lines to their contractual obligations. The airline in this case has a contract that says, we will charge you for passage on our airplanes into Mexico, from outside of Mexico, a base fare and amounts required by applicable law. For most people, but not for all people, applicable law requires that a certain visa fee be paid. This case is brought on behalf of the people who don't have to pay that fee. And our contention, and the defendants don't deny it, is that applicable law does not require that those people pay that fee. So our claim is that visa fee... Counsel, as I understand it, there's a difference in the McMullen case and the two others, and that is that Delta has a procedure where the customers can get their money back. Is that true? No, Your Honor, it's not. Let me direct your attention to the procedure that they're calling, that they're invoking. And if Your Honor has the defendant's appendix, it's Rule 90. Refunds. If you look at this document, page 57 of Tab 1, what that says is Rule 90, Refund A, General Rule. Delta will issue refunds on unused tickets or portions of tickets subject to the provisions of this rule, period. And it has a whole bunch of rules that tell you how to get refunds for tickets that either are unused in part or unused in whole. It doesn't say a word anywhere about how to get refunds for any other charges. And all of these rules and subrules relate to things that you have to do, things that you have to make, et cetera. Could you just state simply what your view of the obligation that Delta imposed upon itself is? Please. Yes, ma'am. The obligation that Delta imposed upon itself was to charge a particular price for a ticket composed of two components, a base fare and charges required by applicable law. Where might that be in the contract? That might be, if you look again at the same document, the defendants don't deny that that's what they said. But if you look at what they said. Well, sure, they'll charge a fee. I mean, they charge a fare and they charge a bunch of other things, like fees, taxes, whatever and whatever and whatever. But they didn't breach that obligation. Yes, they did, Your Honor. Well, they charged you something. Well, but our claim is that they set a price term, and their price term had two components, base fare, applicable fees. Well. Their argument is. Their price is all an intertwined concept. No, that's fine. It can be as intertwined as it wants. Their argument is that when we said we'll charge you A plus B, that doesn't mean we won't also charge you something else. Because they don't deny that the fee. Well, where does it say that? I mean, that's what I don't understand. Where does it say we're only going to charge you A, B and C, and we're not ever going to charge you D? Because whenever a con – our claim is that, and this is, I believe, the mistake the district court made, when a contract includes a price term and it says the price will be X or X plus Y, that always means that that exact number is the price. If I pay a little less and I'm the buyer, I haven't performed. Okay. You know what? I guess that just – that's just too mystical for me. Maybe it was for the district court, too. Where does – what express obligation did Delta undertake that was breached? The express obligation was to charge a particular amount for a ticket. Where does it say that in the contract? It says that in the contract on page 2 of the general provisions. And again, I would point out that the defendants are not denying this. Let me direct your attention – it might be easier if I direct your attention to the defendants' briefs. Well – But I'll do it either way because they're quoting what I'm referring to. I don't – you know what? I mean, the simplest thing to do is just tell me where in the contract it makes the promise that you just said it makes and that was breached. It says on the same document, page 2. Yes. Contract of carriage. When you buy a ticket for travel on Delta, you enter into a contract. What paragraph of the contract? Sorry. Paragraph – rule 1, paragraph A. Okay. It says when you buy a ticket for travel on Delta, you enter into a contract of carriage with us. Yes. Terms of your contract are set forth in your ticket. Yes. Conditions of carriage. Yes. And our published fares and rules and regulations. Yes. That's the first component of the price. Okay. So it did that. Yes, it did. Now wait. Paragraph C, same page. Application of international conditions of carriage, subparagraph 4, overriding law. Yes. These conditions of carriage are applicable except to the extent that they are contrary to applicable laws. So what's contrary? Where is an affirmant that what Delta did is contrary to applicable law? Applicable law said, Mexico said, this is a fee which is applicable to these people. Yes, but Mexico law doesn't say, and airlines, you can't collect it from everybody and provide some mechanism for getting it back or get it back from us, the Mexican government. Well, first of all. I mean, it doesn't say. Where is there an allegation or where is there record support for the proposition that applicable law was offended by what Delta did? Well, the district court's position was that if Mexico says, you must charge these people, and I say, I'm charging you because I'm required to, if that's their argument, then that means I can charge you even if I'm not required to. That's the defendant's position. The defendant's position is, I'm charging this fee because I have to. Mexican law says I must. That's their argument. Well, their position is if they can charge the fee, they can collect the fee from everyone. They provide a refund mechanism. Respectfully, Your Honor, their position is applicable law requires that we extract this fee from them. Okay. All right. I guess we're on two different train tracks here. Well, that's bad for me. What stops your client from applying for a refund of the fee under Rule 90? Rule 90 doesn't apply. Why do you say that? It says Delta will issue refunds on unused tickets or portions of tickets. It doesn't say unused tickets. It says refunds on unused tickets or portions of tickets. Now, why couldn't she get a refund for the portion of the ticket that represented the tax? Your Honor, I have to say, I think the most sensible meaning of that rule is unused tickets or portions of tickets. Okay. Why isn't the tax a portion of the ticket? Because it's not an unused portion of a ticket. Well, that's one way to look at it. But another way is you could get a refund on an unused ticket or you can get a refund of a portion of a ticket. Even Delta has not argued that this tax is a portion of a ticket. Isn't it a portion of the price of the ticket? Well, it's a portion of the amount of money they took out of our client's pockets, but it's actually not. Because I understand their argument to be she could have gotten a refund. Well, they do claim that she should have used it. I don't see anything in here that says she can't. I think that the rule itself says it applies only to unused tickets. Let's assume you're right. Okay. What stopped her from asking for a refund? The provision that provides it. Okay. But what stopped her? Does it say no one can ask for a refund? Well, I think the issue is if I have a breach of contract claim against if I walk into a drugstore and I buy a candy bar and they charge me too much, do I have to write a letter to the drugstore first or can I remonstrate with them or sue them if they refuse to give the money back? If I pay and they give me wrong change. I would think your first obligation is to go try to get it rectified. Well, I think as a matter of common sense, if you're standing in a drugstore, that's right. But I think common sense is exactly on the other side here. Because we all know that for 20 bucks, most people either don't realize that they paid the charge or won't go to the trouble. So the question is, can we create a system? Well, that's why she's got a guy like you who says go write him a letter and see if you can get your $22 back. Well, a guy like me can't bring this, can't do this for 20 bucks. A guy like me can do it on behalf of everybody at once. But I can't do it for one person at a time. Mr. Marcus, you might want to save the rest of your time. I will. Thank you, Your Honor. I appreciate you reminding me. Mr. Goldberg. Good morning, Your Honors. Roy Goldberg on behalf of the Applebee Delta Airlines. May it please the Court. We had the same question Judge Reimer had. I've got a question about that. Suppose I'm shopping for cameras. I look through the ads in the back of Shutterbug and Popular Photography, and one of them is $5 cheaper than the others. And they say, as all of them say, plus shipping. They may say plus shipping and handling, in which case you find out what they charge for handling. If they just say plus shipping, then the understanding conveyed to the customer is that whatever UPS or FedEx or the U.S. Postal Service charges them will be passed on to you. So if you live in Alaska, the camera will cost more than it does if you live in New Jersey. That's fine. Now, suppose I get the camera and I discovered they put $125 on my credit card for UPS. So I check with UPS, and UPS only charged $40. I would think that the price of the camera is the one that they advertised and got the business by making it $5 less than the best-priced competitor and that they just lied to me about the shipping cost. Even though the total expense of the transaction to me is the same, whether their price is higher and the shipping is honest or the price is lower and the charged shipping is dishonest, nevertheless, what most people would understand to be the price was not the full total of what they put on my credit card. I don't see why this isn't analogous. Let me try to explain. I do see some differences. Let's put aside, of course, the fact that we have a preemption law with respect to price, and certainly we're in the domain of price here. But under your hypothetical, Your Honor,  We'll get back to that. Right. Because in your hypothetical, the store said, We will charge you the cost of shipping. If the airline in the contract of carriage here, Delta, had said, We will charge you the applicable tax, then you would have the similar type of argument here. But there's no contractual undertaking by Delta Airlines. We will just charge you the base fare plus the applicable tax. It doesn't exist in the contract. It's not on any website they've alluded to, any ticket back. So, therefore, the facts are different. There is no contractual undertaking that has been breached, Your Honor. And I was the same way. I'm leaving aside whether there's an express contractual provision right now. Right. Because restitution might apply without any express contractual agreement. I'm just trying to get at what price means. It looks to me as though the airline theory of price here is the total economic burden of the transaction to the consumer. They want, of course, to spread the price in terms of service preemption as broadly as possible. However, another view of price might, in the ordinary consumer's view of price, would probably be what is stated as the price. I think the airlines look at it the same way they believe Congress looked at it when they did the Deregulation Act in 1978, which is to let the market decide prices and not have state laws impact. Here you would have a state law. That's exactly right. In Charis, that's how we interpreted it. We said the idea is that the states can interfere with the deregulation of the airlines by re-regulating them, so the airlines don't have to worry about the states passing laws that say you have to let the customers back in the terminal after they've been on the tarmac for five hours, or you can't charge more than so much to fly from any place to the state capitol, that sort of thing. However, the question is, what is price? And it seems to me that you're contending for an interpretation of price that is much broader than the way ordinary consumers would understand it, and also broader than the way the word is usually used in the English language. Now, economists use it the way you want to use it. The price of the transaction would be the 45 minutes you spend on hold, as well as the money that goes on your credit card. But it's not the way people other than economists use price. Well, we think the First Circuit got it right in Buck with respect to if you look at not just the base fare, but also the taxes and fees, et cetera. But also, I mean, think of it as a practical terms. If this decision went the way we don't want it to go, there would be a state law being enforced that would say, Delta Airlines, your ticket's got to go down 22, what you charge your customers. No, no. What it would be is you want to charge people a price plus tax, as you stated. State can't control that at all. You're perfectly free to do that. But if you tell people, I'm taking money from you for taxes, and it turns out to be an error, and they ask for their money back, you can't say, hey, we lied. Tough. Well, we're not saying that. First of all, we didn't promise we'd only charge you applicable taxes. But the refund procedure, I agree with you, does fully apply here. And I think we even got some candor it wasn't pursued because you wouldn't get a class action if people wrote a letter and got their $22 back. So he can say it doesn't apply here, but he never asked Delta the question whether it applied. It isn't actually clear to me whether it applies or not. I went through it, and my first reading was it was just if you bought the airplane ticket and you didn't fly, you could ask for a refund. There's a provision which, in addition to the provision cited, I believe it was by Judge Silverman, that goes on to talk about the ‑‑ this is on page 60 in the excerpts of record on the contract of carriage. And it talks about a situation ‑‑ What rule number is it? Yes, it's 90C2B, refund of taxes, fees, and charges. 90 what? Rule 90C2B on page 60. Got it. Nonrefundable tickets, refund of taxes, fees, or charges. Delta will refund taxes, fees, or charges collected upon nonrefundable tickets for international transportation only where required by law, etc., etc., etc. You know, we believe if somebody had come in and said we think that we should get a refund of taxes or fees, etc., because we didn't owe them, that Delta would honor that request if it was within the one‑year time frame. It's not clear that it says that. That's how Delta interprets it. Is there anything in writing that says that that's how Delta interprets it? Where the customer can read that that's how it interprets it? I'm not sure there is in this case because the request wasn't made. I mean, it sounds like maybe they're just making that up because what it says is nonrefundable tickets, and some tickets are not nonrefundable tickets. I think this portion of the ticket dealing with the taxes or the fees, if somebody was to use this provision and say, you know, I'm exempt. I've given the proof. I mean, it gets into the whole issue as to how the airline is supposed to know when somebody buys one of these tickets over the Internet. There's not a practical way to do that. We don't think you need to go down that route. We think it is a service issue even in spite of Charus, but we think this case is very clear on the issue of price. And also, if you, and the Wolins exception does not apply because, again, there is just no express undertaking that was breached here. I know they try to argue, sort of bootstrap in the Mexican population law. Am I correct that your argument really depends on an understanding of the word price to mean the way economists use it, the total burden of the transaction on the consumer, rather than a stated price? So in my camera case, for example, the total burden on the consumer is the stated price of $5 less plus the $75 or $125 claimed for UPS shipping. I don't think I need to convince you of that, Judge Kleinfeld, to win, and here's why. Morales was very clear, the Supreme Court opinion. The preemption exists if it's directly related to price or indirectly related to price. So even if you want to say the economist, you think this is directly related to price, others might not agree. I think we all have different views. Some things are indirectly related. For example, Alaska Airlines just started charging $15 a bag to check your bags. That's indirectly related to price. I think you want to broaden that to mean anything that affects the burden on the consumer. I'm not, there may be examples where it wouldn't apply here, but a basic example like a tax or a fee that generally applies in a given situation, whether it's a passenger facility charge or an airport charge or something like that, I don't think that's too tenuous or peripheral under Morales, et cetera. I think that is very related or at least indirectly related to the price. We do look at the price as the total transaction. That is correct. How much money is being paid to get on the aircraft to be transported? We think that is certainly within the rubric of price as it exists under the statute. So I think, again, there's two simple prongs in this case. First of all, it's related to price. It's also related to a service, as we've alleged, and to a route, which Judge White also found, the route being when you fly to Mexico, and that there is nothing that the plaintiff can point to in the contract of carriage here that gives them the right to go under the Wolins-type exception. They keep saying we've agreed, we've admitted. No, we haven't. Let me be very clear. We have never agreed or admitted that we made a promise, we will only charge you base fare and applicable fees and taxes. It might be a different case had that admission been made, or that promise been made, but it doesn't exist here. Thank you very much. Okay. Thank you, Mr. Goldberg. Mr. Marcus. Your Honor, at page 12 of the defendant's brief, they explain that the ticket price is composed of two things, base fare and applicable taxes. They cite a provision from the CFR that says that. They justify their extraction of this fee by the fact that they are extracting a tax. Counsel just said they're providing a service. The service is they're paying the tax. They can't simultaneously say we are providing the service of paying a tax, and that's why we've charged this money, and then say, well, the tax has nothing to do with the amount of money that we're extracting. It just doesn't make any sense. The amount of money that they're extracting is composed of two parts, the base fare and the tax. Well, that's what I have to pay if I want to fly to Mexico City. Fine. And if they say, by the way. I mean, I don't really care what it consists of. It can consist of taxes, fees, charges, gasoline, surcharge. I mean, come on, pick up however you want to call it. It's going to cost me X dollars, which is the total amount that's going to show in my credit card. Well, but, Your Honor, when you're talking about an international regime where there's a visa fee, for example, and someone goes to the trouble of getting an immigration status that entitles them not to pay that fee, then it's not a matter of indifference whether they're charging you gasoline prices or shipping and handling or hostage or administrative service fee or something else. It makes a difference. And they say on page 12, their brief, exactly the same thing that I said. They characterize the argument the same way, base fare plus applicable fees. Well, that's the same thing in the First Circuit's case. Ah, except for what? Base fare plus fees. Right, right. Right, right. And buck equals price. Equals price. That's my claim. I'm not trying to run away from that. I mean, if I go buy a tube of Toothpaste and the tube of Toothpaste costs $1.25 and I've got an 8% sales tax, my total is 8% on top of the. That. That's exactly my argument. That's the price. Correct. But what if you're a nonprofit institution and you don't have to pay sales tax? Then they can't extract it from you. And if you went to the trouble. They can. I can squawk if I could. There I am squawking. It's not preempted. Oh, oh, oh, oh. You're in a different world. I see my red light is on, Your Honor. Yeah. If I may just say a word about preemption. You're absolutely right. There are two different questions here. Was there a self-imposed obligation? Was there a contractual obligation? And is it preempted? Walden's teaches us that if it's a breach, if it is a claim that there was a breach of a self-imposed obligation, it is absolutely not preempted. I understand that. Okay. So the only question, really, is did they promise? Did they promise to collect this amount and not another amount? Your Honor's example about toothpaste is exactly right. Okay. Thank you. Thank you, counsel, both of you. The matter just argued will be submitted. And you'll next hear Sanchez.     Just in case you're wondering, the calendar says they are. The calendar says Sanchez is a Mexicana case to be followed by the area of Mexico case. I would just obviously note the fact that these issues are quite similar. So to the extent that you can avoid duplicating the argument, that would be appreciated.
judges: Rymer, Kleinfeld, Silverman